**Daryl Ford VALENZUELA,**
**Plaintiff-Appellee,**

v.

**KRAFT, INC., Defendant-Appellant.**

**No. 85–6348.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1986.

Decided Oct. 8, 1986.

---

Cecil E. Ricks, Jr., Anaheim, Cal., for plaintiff-appellee.

John W. Prager, Jr., P.C., Santa Ana, Cal., for defendant-appellant.

Before REINHARDT and HALL, Circuit Judges, and MUECKE *, District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Defendant-appellant Kraft, Inc., appeals from the decision of the district court denying its motion for judgment on the pleadings. We affirm.

I

On March 3, 1983, plaintiff-appellee Daryl Valenzuela filed a complaint in California state court alleging sex discrimination by Kraft in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. The state court action was filed within 90 days from Valenzuela's receipt of a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Kraft removed the action to the United States District Court for the Central District of California. The district court dismissed the action, finding that the federal courts have exclusive jurisdiction over Title VII actions, and therefore concluding that it lacked removal jurisdiction because the state court did not have jurisdiction over the action before removal. On July 31, 1984, this court affirmed the dismissal on the same grounds. *Valenzuela v. Kraft, Inc.*, 739 F.2d 434 (9th Cir.1984) (*Valenzuela I*).

Valenzuela then filed her current Title VII action in the district court on August

---

* Honorable C.A. Meucke, Senior United States District Judge for the District of Arizona, sitting by designation.

16, 1984, before the mandate issued in *Valenzuela I.* Kraft moved for judgment on the pleadings, arguing that the district court lacked jurisdiction over the complaint because it was not filed within 90 days of the issuance of Valenzuela's right to sue letter as required by 42 U.S.C. § 2000e–5(f)(1). Relying on *Fox v. Eaton Corp.,* 615 F.2d 716 (6th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981), the district court found that Valenzuela's action in state court tolled the running of the 90–day filing requirement, and denied Kraft's motion. The district court subsequently granted Kraft's request for certification of this issue pursuant to 28 U.S.C. § 1292(b) because of the potential conflict between its application of *Fox* and previous decisions of this court, and we agreed to hear the appeal.

## II

■ Title VII contains several distinct filing requirements which a claimant must comply with in bringing a civil action.[1] We are concerned with the requirement that an action be filed within ninety days from the issuance of the right to sue letter by the EEOC. 42 U.S.C. § 2000e–5(f)(1). There is no question that Valenzuela's action was filed in the district court more than ninety days after the EEOC issued Valenzuela's right to sue letter, so we address two issues. First, whether the 90–day filing period is subject to equitable tolling. This question of statutory construction is an issue of law which we review *de novo. See United States v. McConney,* 728 F.2d 1195, 1200–01 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Second, if the 90–day filing period is subject to equitable tolling, whether Valenzuela's state court action tolled the filing period under the circumstances of this case. Because the facts which Valenzuela relies on to establish tolling are not disputed, this is also a question of law which

we review *de novo. Cf. Acri v. International Association of Machinists, District Lodge 115,* 781 F.2d 1393, 1395 (9th Cir. 1986) (holding that accrual of cause of action was question of law when evidentiary facts regarding accrual were not in dispute).

## III

■ Filing periods, such as the 90–day period for filing actions against private employers under Title VII, 42 U.S.C. § 2000e–5(f)(1), are either statutes of limitations or jurisdictional prerequisites to filing an action. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). If the time period is a statute of limitations non-compliance may be excused by equitable doctrines such as waiver or tolling, but this is not true if the filing period is jurisdictional. *Id.* We have held that the 90–day period is a jurisdictional requirement. *See, e.g., Millard v. La Pointe's Fashion Store, Inc.,* 736 F.2d 501, 502–03 (9th Cir.1984); *Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027, 1029–30 (9th Cir.1975) (30–day limit for filing actions against private party at that time).

The Supreme Court, however, has applied equitable tolling analysis to the 90–day time limit for filing civil actions against private employers under Title VII. The Court first indicated that the 90–day period for filing an action in the district court is not jurisdictonal in *Mohasco Corp. v. Silver,* 447 U.S. 807, 811, 100 S.Ct. 2486, 2489, 65 L.Ed.2d 532 (1980). In considering another filing period under Title VII the Court noted that the plaintiff filed his action 91 days after receiving a right to sue notice from the EEOC. 447 U.S. at 811, 100 S.Ct. at 2489. But, rather than dismissing the action *sua sponte* as the Court would have done if the 90–day period were jurisdictional, the Court noted that the de-

---

1. *See, e.g.,* 42 U.S.C. § 2000e–5(e) (plaintiff must file charges with the EEOC within 180 days of the alleged act of discrimination); 42 U.S.C. § 2000e–5(f)(1) (plaintiff must file a civil action against private party within 90 days of the is-

suance of a right to sue letter by the EEOC); 42 U.S.C. § 2000e–16(c) (plaintiff must file civil action against federal government within 30 days from the issuance of a right to sue letter by the EEOC).

fendant had not raised the plaintiff's failure to comply with the 90–day filing period. *Id.* at 811 n. 9, 100 S.Ct. at 2490 n. 9. The Court thus implied that it considered the 90–day period a statute of limitations subject to equitable doctrines such as waiver, rather than a jurisdictional requirement. *See Zipes,* 455 U.S. at 398, 102 S.Ct. at 1135 (noting the lack of *sua sponte* dismissal in *Mohasco* as support for holding that 180–day period for filing charges with the EEOC is not jurisdictional).

In *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 349–54, 103 S.Ct. 2392, 2397–98, 76 L.Ed.2d 628 (1983), the Court applied equitable principles to the 90–day period in the context of class action litigation. The plaintiff in *Crown, Cork & Seal* received a right to sue letter from the EEOC while a class action by other employees was pending against his employer. Plaintiff was a potential member of the class, but class action certification was ultimately denied. Plaintiff then filed a separate action in the district court more than 90 days after he received the right to sue notice, but less than 90 days after class certification was denied. The Court held that the pendency of the class action tolled the 90–day filing period for all potential members of the class. 462 U.S. at 350, 103 S.Ct. at 2395 (extending rule of *American Pipe & Construction Company v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), which held that pendency of class action tolled the limitations period for class members who intervened in action after class certification was denied). The Court reasoned that tolling the 90–day filing period for all potential class members was consistent with the policy of repose underlying statutes of limitations, because the pendency of the class action informed the defendant of the nature of the claim and the need to preserve evidence. 462 U.S. at 352–53, 103 S.Ct. at 2396–97. Although much of the Court's reasoning in *Crown, Cork & Seal* focused on the peculiar nature of a class action, the Court's application of these principles to the 90–day filing period demonstrates that the period is a statute of limitations subject to equitable tolling, not a jurisdictional requirement.

The Court's equitable tolling analysis in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*Baldwin County*), is further evidence that the 90–day filing requirement is not jurisdictional. The plaintiff in *Baldwin County* filed her right to sue letter with the district court and informally requested that counsel be appointed. A magistrate warned her that she had to file her action within 90 days of receiving the right to sue notice, and that her request for counsel had to be submitted on the appropriate court form. When plaintiff failed to file a complaint or an appropriate request for counsel, the district court dismissed for failure to file within 90 days of the EEOC notice. The Court of Appeals for the Eleventh Circuit reversed, holding that the filing of the right to sue letter with the district court tolled the 90–day filing period.

The Supreme Court held that the filing of the right to sue letter with the district court did not commence an action against the defendant for purposes of Title VII, 466 U.S. at 149–50, 104 S.Ct. at 1725 and rejected the appellate court's conclusion that the right to sue letter tolled the 90–day filing period, *id.* at 150–52, 104 S.Ct. at 1726–27. In rejecting the tolling argument the Court held that "neither waiver nor tolling" was available on the facts before it; the Court did not hold that the 90–day period is never subject to equitable tolling. *Id.* at 152 & n. 6, 104 S.Ct. at 1726 & n. 6. In so ruling, the *Baldwin County* Court cited with approval cases which had tolled the 90–day filing period, but distinguished the facts of those cases from the filing of the right to sue letter and the informal request for counsel which it was addressing.

This is not a case in which a claimant has received inadequate notice, see *Gates v. Georgia-Pacific Corp.,* 492 F.2d 292 (CA9 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory pe-

riod until the motion is acted upon, see *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (CA6 1972); or where the court has led the plaintiff to believe that she had done everything required of her, see *Carlile v. South Routt School District RE 3–J*, 652 F.2d 981 (CA10 1981). Nor is this a case where affirmative misconduct on the part of defendant lulled the plaintiff into inaction. See *Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207 (CA9 1981); *Wilkerson v. Siegfried Insurance Agency, Inc.*, 621 F.2d 1042 (CA10 1980); *Leake v. University of Cincinnati*, 605 F.2d 255 (CA6 1979). The simple fact is that Brown was told three times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

*Id.* at 151, 104 S.Ct. at 1725.

■ Taken as a whole these cases firmly establish that the 90–day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances.[2] We conclude that the Court's analysis in these decisions has effectively overruled our previous decisions holding that the 90–day period is a jurisdictional requirement which is not subject to equitable tolling, *see, e.g., Cleveland v. Douglas Aircraft*, 509 F.2d at 1030; *Wong v. Bon Marche*, 508 F.2d 1249, 1250–51 (9th Cir.1975); *see also Cooper v. Bell*, 628 F.2d 1208, 1213 & n. 10 (9th Cir.1980) (holding that initial 180–day period for filing charges with EEOC is not jurisdictional, but distinguishing decisions finding filing periods for commencing actions in district court jurisdictional).[3]

## IV

■ To determine whether equitable tolling is available in a particular case we examine "whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Burnett v. New York Central Railroad*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). We conclude that Valenzuela's state court action tolled the running of the 90–day filing period on the facts before us.

In *Fox v. Eaton Corp.* the Sixth Circuit faced a tolling question in circumstances nearly identical to those we address today. Relying on decisions which held that state and federal courts have concurrent jurisdiction in Title VII cases, the plaintiff in *Fox* mistakenly filed a Title VII action in state court. When the Title VII action was dismissed by the state court the plaintiff expeditiously pursued her action in federal court, but the complaint was filed more than 90 days after plaintiff's receipt of a right to sue notice because of the time expended in dismissing her state court action. The Sixth Circuit concluded that the 90–day filing period was tolled by the pending state court action.

Accordingly, we hold that Fox's commencement of a Title VII action in state court was sufficient to toll the ninety day period within which she was required to commence a civil action. This result is consistent with the rationale of the Supreme Court in *Burnett v. New York Central Railroad Company*, [380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941] and *American Pipe & Construction Compa-*

---

**2.** We note that the other circuit courts which have considered the issue have also held that the 90–day filing period is subject to equitable tolling. *See Brown v. J.I. Case Co.*, 756 F.2d 48, 49–50 (7th Cir.1985); *Espinoza v. Mo. Pac. R.R.*, 754 F.2d 1247, 1250–51 (5th Cir.1985); *Fox v. Eaton Corp.*, 615 F.2d 716, 718 (6th Cir.1980).

**3.** In *Millard*, 736 F.2d at 502–03, this court reiterated its position that the 90–day filing period is jurisdictional in a decision which post dates the above Supreme Court decisions. However, this aspect of the *Millard* decision is dicta which we are bound to ignore in light of the binding

Supreme Court precedent to the contrary. The *Millard* court held, consistent with the Supreme Court's position in *Baldwin County*, that the plaintiff's conversation with the clerk of the district court and apparent tendering of her right to sue letter to the clerk did not constitute a filing. *Id.* at 503. There is no indication in the *Millard* opinion that the plaintiff claimed that her actions tolled the 90–day filing period, or that this court considered the possibility of tolling. The *Millard* court's statement that the 90–day filing period is jurisdictional was not essential to its resolution of the case.

*ny v. Utah,* [414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713]. Certainly the purpose underlying the [90–day] time period was satisfied. Eaton was not confronted by a stale claim. Nor was it deprived of an opportunity to preserve the appropriate evidence. Throughout these proceedings, Fox has exercised great diligence, however unartfully, in pursuing her claim. Her only misfortune lay in the selection of an inappropriate forum. That selection, however, was not without a reasonable basis. Under these circumstances, we think the tolling of the ninety day time period is consistent not only with the specific purpose of that time period but also with the general remedial purposes of Title VII.

615 F.2d at 720 (footnote omitted).

■ We agree with the *Fox* court's analysis of the tolling issue. At the time Valenzuela filed her action in state court it was unclear whether federal courts had exclusive jurisdiction over Title VII claims. *See Valenzuela I,* 739 F.2d at 435 n. 1 (citing conflicting authorities). Valenzuela should not be denied a chance to present her case because she chose the wrong line of precedent. Valenzuela's filing in the state court demonstrated the due diligence which statutes of limitations are designed to engender, and put Kraft on notice that it had to maintain the evidence necessary to its defense. *See Fox,* 615 F.2d at 720. There is no evidence that Kraft has been prejudiced by the passage of time between the issuance of the EEOC right to sue letter and the filing of Valenzuela's second action in the district court. Tolling the 90–day filing period in this case is consistent with the remedial purpose of Title VII legislation. *See Zipes,* 455 U.S. at 398, 102 S.Ct. at 1135.

■ Kraft's argument that equitable tolling is not available because the action Valenzuela relies on to establish tolling was filed in a court without subject matter jurisdiction is unpersuasive. The purpose of the statute, the notice to defendant, and the diligence demonstrated by the plaintiff determine the availability of tolling, not the presence or absence of subject matter jurisdiction. *See Burnett,* 380 U.S. at 427, 85 S.Ct. at 1054. In addition to the *Fox* decision tolling the 90–day filing period when plaintiff's action was mistakenly but reasonably filed in a court without subject matter jurisdiction, courts have equitably tolled statutes of limitations based on actions mistakenly filed in courts without personal jurisdiction, *see Platoro Ltd. v. Unidentified Remains of a Vessel,* 614 F.2d 1051, 1054–55 (5th Cir.), *cert. denied,* 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 131 (1980); *Reynolds v. Logan Charter Service, Inc.,* 565 F.Supp. 84, 85–86 (N.D.Miss. 1983).[4]

### V

The decision of the district court is affirmed.[5]

---

**4.** Statements by the Supreme Court in *Burnett* noting that the action which tolled the limitations period in that case was filed in a state court of competent jurisdiction, 380 U.S. at 428, 429, 432, 434, 85 S.Ct. at 1054, 1055, 1056, 1057, do not require a contrary conclusion. In *Burnett* the Court held that the filing of an action in state court which was dismissed for improper venue tolled the relevant statute of limitations. *Id.* at 434–35, 85 S.Ct. at 1057–58. The court did not address the question of whether the same result would be reached if the court where the initial action was filed lacked subject matter jurisdiction.

**5.** Because Valenzuela filed her action in the district court before the mandate in *Valenzuela I* issued, we need not determine whether the filing in state court tolled the statute for a reasonable length of time to permit Valenzuela to file her complaint in federal court, *see Baldwin County,* 466 U.S. at 151 n. 5, 104 S.Ct. at 1725 n. 5 (noting that appellate court must have held that the 90–day period was tolled for a "'reasonable time'"), or whether the 90–day period is tolled only for the pendency of the state court action, *see Crown, Cork & Seal,* 462 U.S. at 348, 103 S.Ct. at 2394 (noting that plaintiff filed his action within 90 days of denial of class certification when EEOC charges were issued after class action which tolled 90–day period was pending). Valenzuela's action is timely under either tolling measurement.