956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol A. McGHEE, Plaintiff-Appellant,
v.
LOS ANGELES CITY DEPARTMENT OF WATER; City of Los Angeles,
Defendants-Appellees.
 No. 90-56094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided March 11, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 The appellant, Carol McGhee, appeals pro se the dismissal with prejudice of a lawsuit she filed in the district court. She first filed her complaint with the district court on September 4, 1987. She later filed an amended complaint on June 6, 1990, after various appeals in the case. The amended complaint was filed against the Los Angeles Department of Water and Power Employees Credit Union and the Department of Water and Power, City of Los Angeles. She alleged racial discrimination, fraud, negligence, breach of contract, and intentional tort.
 
 
 3
 The district court construed her racial discrimination claims as possibly based on Title VII or 42 U.S.C. § 1981 and § 1982, but dismissed the complaints as untimely and for lack of jurisdiction. The court then dismissed the pendent state law claims without prejudice to them being filed in state court.
 
 
 4
 McGhee argues that the district court rulings were based on fraud and factual errors and she should be granted relief under Fed.R.Civ.P. 60(b). We find, however, that the district court properly granted the motions to dismiss.
 
 DISCUSSION
 
 5
 The district court generously construed McGhee's claim of "racial discrimination" as one possibly arising under Title VII of the Civil Rights Act of 1964. However, the court properly found that such a claim should have been filed within 90 days of the time McGhee was given notice of a "Right to Sue" by the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5f(1). McGhee received her "Right to Sue" notice on September 8, 1986. She did not file her complaint until September 4, 1987. Her claim is untimely, as it was filed well beyond the time limitation and she has not demonstrated that her failure to file suit within the time period should be excused. See Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174-75 (9th Cir.1986), amended, 815 F.2d 570 (9th Cir.1987). Thus, the district court did not err in dismissing any claims she may have had under Title VII.
 
 
 6
 Similarly, the district court properly dismissed any claims allegedly arising under 42 U.S.C. §§ 1981 or 1982. Any claims would have arisen from McGhee's employment relationship with the City Water Department. McGhee's employment terminated in 1985, however, and she did not file the complaint until September of 1987. Actions under 42 U.S.C. §§ 1981, 1982 must be filed within the statute of limitations period for analogous state personal injury actions. Goodman v. Lukens Steel Co., 482 U.S. 656 (1987). In California, personal injury actions must be filed within one year. Cal.Civ.Proc.Code § 340. Therefore, the district court was correct in dismissing any possible claims McGhee may have had, because they arose more than one year prior to the time she filed suit.
 
 
 7
 Any remaining claims could only be pendent state law claims. The district court was well within its discretion to dismiss these claims once the federal claims were dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); 13B Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3567.1 (1984); see also 28 U.S.C. § 1367(c)(3) (codifying this rule for cases filed after Dec. 1, 1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3