977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul GULBENKIAN, Plaintiff-Appellant,
v.
T.Y. LIN INTERNATIONAL & E.E.O.C., Chairman, Defendant-Appellee.
 No. 91-16766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Gulbenkian appeals pro se the district court's order denying leave to file his employment discrimination complaint without prepayment of the filing fee. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), a claimant wishing to bring a civil action in the district court must file his or her complaint within 90 days from the date the Equal Employment Opportunity Commission ("EEOC") dismissed the claim. 42 U.S.C. § 2000e-5(f)(1); Scholar v. Pacific Bell, 963 F.2d 264, 267 (9th Cir.1992). The 90-day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances. Valenzuela v. Kraft, 801 F.2d 1170, 1174 (9th Cir.1986), modified on other grounds, 815 F.2d 570 (1987).
 
 
 4
 Here, the EEOC issued its right-to-sue letter to Gulbenkian on September 28, 1990. Gulbenkian filed his complaint on September 18, 1991. Clearly, his filing was untimely. See 42 U.S.C. § 2000e-5(f)(1).
 
 
 5
 Nevertheless, Gulbenkian appears to argue that his mental illness prevented him from timely filing his claim.[1] He filed letters from his physician, Dr. Paul Lowinger, describing Gulbenkian's emotional instability.[2] Although according to Lowinger, Gulbenkian was hospitalized from February 23, 1991 to March 22, 1991, Gulbenkian offers no explanation as to why he waited an additional seven months to file his claim. See Scholar, 963 F.2d at 268. Because Gulbenkian has made no showing to justify invocation of the doctrine of equitable tolling, the district court did not err by refusing to allow Gulbenkian to file his complaint. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gulbenkian also states that the EEOC "lulled [him] and waived [the] deadline on right to sue until September 19, 1991." He did not introduce any evidence to support this contention
 
 
 [2]
 Lowinger diagnosed Gulbenkian as paranoid schizophrenic and suffering from "organic mental syndrome."