990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aaron B. LEE, Plaintiff-Appellant,
v.
ALTA PACIFIC GROUP, Defendant-Appellee.
 No. 92-35588.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aaron B. Lee appeals pro se the district court's grant of summary judgment in favor of Alta Pacific Group, and the denial of his Fed.R.Civ.P. 59 motion for reconsideration in his employment discrimination action under Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII) and 42 U.S.C. § 1981. Lee contends that the district court erred by finding that his action was time-barred. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.1992), cert. denied, 113 S.Ct. 196 (1992). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). We review for abuse of discretion a district court's denial of a motion for reconsideration. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 A Title VII action must be "filed within ninety days from the issuance of the right to sue letter by the EEOC." Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 (9th Cir.1986) (citing 42 U.S.C. § 2000e-5(f)(1)), amended on other grounds, 815 F.2d 570 (9th Cir.1987). The ninety-day limitation is treated as a statute of limitations subject to equitable tolling principles. Valenzuela, 801 F.2d at 1174.
 
 
 5
 Equitable relief has been allowed "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Veterans Administration, 111 S.Ct. 453, 458 (1990) (footnote omitted). Nonetheless, we have declined to invoke the doctrine of equitable tolling "when a late filing is due to the claimant's failure 'to exercise due diligence in preserving his legal rights.' " Scholar, 963 F.2d at 268 (quoting Irwin, 111 S.Ct. at 458).
 
 
 6
 The relevant facts are undisputed. In March 1990, Lee, a black male, filed a complaint with the EEOC alleging that he was not considered for employment with the Alta Pacific Group because of his race. On March 20, 1991, Lee received a right-to-sue letter from the EEOC. On April 5, 1991, Lee received a second right-to-sue letter from the EEOC. The two letters were identical except for the dates. On July 2, 1991, Lee filed this action in district court. The court found the action untimely because it was not filed within ninety days of the first right-to-sue letter. The court further found that equitable tolling was inapplicable because (1) there was no evidence that Alta Pacific Group attempted to trick Lee, and (2) Lee failed to exercise due diligence.
 
 
 7
 Lee contends that second right-to-sue letter superseded the first letter, thereby extending the time to file the suit. Alternatively, Lee contends that the EEOC misled him by issuing the second right-to-sue letter, and therefore he is entitled to equitable tolling. We disagree.
 
 
 8
 The second right-to-sue letter was without effect as there was no indication that the EEOC intended to revoke its first right-to-sue letter. See Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440-41 (9th Cir.1984) (per curiam) (30-day limitations period triggered by first right-to-sue letter despite EEOC's issuance of a second right-to-sue letter "in absence of any indication that the Commission intended to withdraw its earlier decision and revoke its first right-to-sue letter"). Lee is not entitled to equitable tolling because he failed to show that Alta Pacific Group tricked or misled him into missing the filing deadline or that he exercised due diligence in preserving his legal rights. See Irwin, 111 S.Ct. at 458; Scholar, 963 F.2d at 268.
 
 
 9
 The district court therefore properly granted summary judgment in favor of Alta Pacific group. Scholar, 963 F.2d at 268. Similarly, the district court did not abuse its discretion by denying the motion for reconsideration because Lee did not present any arguments which the court had not previously considered and rejected. See Fuller, 950 F.2d at 1442.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lee contends for the first time on appeal that the district court erred by dismissing his 42 U.S.C. § 1981 claim under the procedures and time limitations of Title VII. We do not address this contention because Lee did not raise it before the district court. See Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991)