**Richard CASAS, Plaintiff–Appellant,**

**v.**

**Paul H. O'NEILL,\* Secretary of the United States Department of the Treasury, in his official capacity and as agency Head, and the United States Department of the Treasury, Defendant–Appellee.**

No. 99–55750.

D.C. No. CV–98–02562–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2001.

Decided March 14, 2001.

---

\* Paul H. O'Neill, is substituted for his predecessor, Robert E. Rubin, as Secretary of the Department of the Treasury.

Before LEAVY, TROTT and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Richard Casas ("Casas") appeals the dismissal of his Title VII (42 U.S.C. § 2000e et seq.) action against Paul H. O'Neill, Secretary of the United States Department of the Treasury. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse and remand for further proceedings.

### 1. *Background*

Casas is an employee of the United States Customs Service. He met with an Equal Employment Opportunity ("EEO") counselor (see 29 C.F.R. § 1614.015 pre-complaint processing) to discuss his national origin discrimination complaints relating to internal disciplinary proceedings against

him. On May 12, 1997, Casas had his final interview with the EEO counselor and was given oral and written notice that he had 15 days to file a formal EEO complaint (see 29 C.F.R. § 1614.016—individual complaints). The written notice contained the following statement: "In order to expedite the processing of your complaint, please utilize the Department's Individual Complaint Form (TD F 62–03.5($^0\!\!\%_7$)), which you have been provided." However, contrary to its usual practice, the EEO counselor failed to give Casas the department's complaint form.

Within the next week, Casas telephoned an EEO aide several times to obtain the form, and on May 25, he talked to the aide in person and requested the form. However, the form was not mailed from Customs until June 9, 1997. On June 10, 1997, Casas filed the formal EEO complaint.

The EEO regional complaint center informed Casas that his EEO complaint was dismissed because it was filed 14 days late. The EEOC affirmed the dismissal of the complaint, stating that the record showed that Casas had been informed of the 15 day time limit for filing. The EEOC decision did not discuss whether the time limit was subject to equitable tolling.

Casas filed a Title VII action in federal district court, alleging national origin discrimination and hostile work environment. The government filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6) for lack of subject matter jurisdiction, failure to state a claim, and failure to exhaust administrative remedies. Casas argued that the 15 day time limit should be equitably tolled because the delay was attributable to Customs for its failure to provide a complaint form in a timely manner. The district court dismissed the com-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

plaint with prejudice and with no discussion.

## 2. *Standard of review*

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) or failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). *Love v. United States*, 871 F.2d 1488, 1491 (9th Cir.1989).

## 3. *Discussion*

■ The government moved to dismiss based upon both Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) and (b)(6) (failure to state a claim). Filing a timely administrative charge with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir.1986). Therefore, we will assume that the district court dismissed the complaint pursuant to Rule 12(b)(6) for failure to state a claim, and not for lack of subject matter jurisdiction.

The complaint on its face does not indicate that Casas failed to file a timely administrative complaint. Therefore we must assume that the district court considered the motion to dismiss with accompanying affidavits. When the district court looked beyond the face of the complaint, the court was required to convert the motion to dismiss to a motion for summary judgment. *See Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996) (a motion to dismiss made under Rule 12(b)(6) must be treated as a motion for summary judgment if either party submits materials outside the pleading and the court relies on those materials). Therefore, we will treat the motion to dismiss as a motion for summary judgment.

■ Our examination of the record indicates that Casas is entitled to summary judgment on the issue of timely filing because the doctrine of equitable tolling applies. The record discloses that Customs failed to provide the complaint form, which it usually supplied, and that the written notice requested that he use the department's own form. Casas called several times within the 15 day time period to request the form. Customs did not mail the form until June 9, 1997, which was after the 15 day time period. Casas faxed back the form the very same day he received it. *See Valenzuela*, 801 F.2d at 1174–75 (in employment action, equitable tolling applicable when plaintiff demonstrated diligence in pursuing her claim, there was no evidence of prejudice to the defendant, and tolling would be consistent with the remedial purpose of Title VII legislation); *cf., Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 2000 WL 33191565 at *4 (9th Cir. Mar.1, 2001) (in disability discrimination action applying California law, equitable tolling is appropriate where there is timely notice and absence of prejudice to defendant and good faith and reasonable conduct by defendant); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir.2000) (in age, gender, and disability discrimination in employment action, equitable tolling focuses on whether there was excusable delay by the plaintiff); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir.1993) (district court erred in dismissing § 1983 action when the complaint alleged facts supporting equitable tolling).

The government argues that Casas is not entitled to equitable remedies because he used inconsistent excuses for his delay and he did not act with due diligence. We find very little support for these argu-

ments in the record. Also, it is notable that the government has not claimed any prejudice by the 14 day delay in filing. *See Valenzuela,* 801 F.2d at 1175.

The judgment of the district court dismissing the complaint with prejudice is reversed, summary judgment is granted to Casas on the issue of timely filing, and the case is remanded for further proceedings.

REVERSED AND REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.