Raymond J. VERONDA,
Plaintiff–Appellant,

v.

CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, Defendant–Appellee.

No. 00–15465.

D.C. No. CV–99–05244–MMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided March 21, 2001.

732

Before REINHARDT, LEAVY, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Raymond J. Veronda ("Veronda") appeals the district court's dismissal of his Title VII (42 U.S.C. § 2000e et seq.) action against the California Department of Forestry and Fire Protection ("CDF"). The district court dismissed the complaint without leave to amend under Fed.R.Civ.P. 12(b)(6) (failure to state a claim) on the ground that Veronda failed to file his administrative complaint with the Equal Opportunity Employment Commission ("EEOC") within the applicable time limit.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse and remand for further proceedings.

## 1. *Background*

In examining the district court's Rule 12(b)(6) dismissal, this court takes allegations of material fact stated in the complaint and the exhibits to the complaint as true and construes them in the light most favorable to the nonmoving party. *Schneider v. Cal. Dept. of Corrections,* 151 F.3d 1194, 1196 (9th Cir.1998).

According to the complaint and exhibits, Veronda worked for 23 years for the CDF. He alleges that he was forced to retire on June 21, 1996, due to his efforts to speak out regarding CDF's discriminatory hiring practices and its violations of the disability laws. In July 1996, he went to the San Francisco office of the EEOC to file an administrative complaint against CDF. He was told by the EEOC that it could not handle his case because his grievances concerned the enforcement of civil rights in general and were not about his specific case. Veronda then contacted the EEO office in the Department of the Interior in Washington, D.C. He had numerous conversations with Mr. Fowler in the Department of the Interior who told him that he had "finally come to the right office." Fowler advised Veronda to submit a formal administrative complaint, and Veronda did so in August 1996.

Veronda also contacted Kay Ellis, the National Accessibility Coordinator in the Bureau of Land Management, which is also within the Department of the Interior. In March 1997, Ellis told Veronda that his administrative complaint was being forwarded to the EEOC.

Veronda talked to Fowler numerous times by telephone and sent him documentation by mail and facsimile. In early 1999, Fowler left a phone message for Veronda stating that Interior's EEO office was going to ask the appropriate regional EEOC office to "investigate your reprisal complaint that has been approved and we're going to take that action from this office here."

On July 22, 1999, Veronda filed a pro se administrative complaint with the EEOC. The EEOC responded that it would not investigate the charge because Veronda retired from CDF on June 21, 1996, and the administrative complaint was not filed within 180 days as required under 42 U.S.C. § 2000e–5(e)(1).

Veronda filed a pro se complaint in federal district court in December 1999. The action included claims pursuant to Title VII. CDF moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed Veronda's complaint without leave to amend. The district court concluded that because the complaint stated that the alleged discrimination occurred "up until June 21, 1996," and Veronda filed his EEOC complaint on July 22, 1999, this administrative filing was well past the 180–day time requirement. The district court concluded that the untimely EEOC administrative complaint barred Veronda's Title VII action. The court also concluded that equitable tolling did not apply because there was no allegation of fraudulent concealment by the CDF and there were no extraordinary circumstances beyond Veronda's control making it impossible for him to file his administrative complaint within the applicable time limits. Veronda timely appealed.

## 2. *Standard of review*

■ We review de novo a district court's decision to dismiss an action on statute of limitations grounds. *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000).

3. *Discussion*

Veronda argues that his complaint, with accompanying exhibits, alleged facts showing that he constructively filed an administrative complaint in 1996 with a federal agency with apparent authority to accept the complaint. Veronda argues that the doctrine of equitable tolling is applicable to toll the statute of limitations for the filing of his 1999 EEOC administrative complaint and his district court complaint. We agree.

a. *Constructive filing*

Our circuit, and other circuits, have held that an employee may constructively file an EEOC complaint with an agency with actual or apparent authority to accept the complaint, and such a filing constitutes an administrative filing with the EEOC. *See EEOC v. Dinuba Medical Clinic,* 222 F.3d 580, 584 (9th Cir.2000) (a pre-intake questionnaire submitted to a state agency constituted an administrative charge, and the charge was constructively filed with the EEOC under a worksharing agreement); *Laquaglia v. Rio Hotel & Casino, Inc.* 186 F.3d 1172, 1175–76 (9th Cir.1999) (intake questionnaire submitted to state agency constituted an administrative charge constructively filed with the EEOC); *Sanchez v. Pacific Powder Co.,* 147 F.3d 1097, 1098 (9th Cir.1998) (age discrimination charges filed with state agency, then forwarded to EEOC outside the applicable time limits, were deemed timely filed with the EEOC); *see also Williams v. Washington Metropolitan Area Transit Authority,* 721 F.2d 1412, 1415 (D.C.Cir.1983) (district court erred in dismissing complaint for failure to timely file an EEOC charge because there was a question of fact whether D.C. Office of Human Rights had actual or apparent authority to accept filings on behalf of EEOC); *Morgan v. Washington Manufacturing Co.,* 660 F.2d 710, 711 (6th Cir.1981) (claimant made a timely filing with the Department of Labor when that agency has some jurisdiction in employment discrimination and the complaint was later forwarded to the EEOC); *Egelston v. State University College at Geneseo,* 535 F.2d 752, 754 n. 4 (2d Cir.1976) (filing of complaint with the Office of Federal Contract Compliance constituted a filing with the EEOC).

Veronda's complaint, with exhibits, alleged that Mr. Fowler in the EEO office of the Department of the Interior assured Veronda that his charges filed in August 1996, with Interior were being investigated and that he "had finally come to the right office to file a complaint against the CDF." Veronda alleged that he was told that the EEO office would do a "special letter" to the EEOC regarding his case. Because the allegations demonstrate that Veronda may be able to establish the timely, constructive filing of an administrative complaint with an agency with actual or apparent authority to accept EEOC complaints, the district court erred in dismissing Veronda's district court complaint.

b. *Equitable tolling*

The district court stated that there were no allegations of fraudulent misrepresentation or concealment by the defendant and no extraordinary circumstances which would warrant application of the doctrine of equitable tolling, citing *Seattle Audubon Society v. Robertson,* 931 F.2d 590, 596 (9th Cir.1991). In employment discrimination cases, our circuit has adopted a broader application of equitable tolling, consistent with the remedial purposes of the Title VII statutory scheme. *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 124, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988) ("Title VII . . . is a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process."); *Zipes v. Trans World Airlines, Inc.,* 455

U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (filing a timely administrative charge with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling); *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986) (equitable tolling in this case is consistent with the remedial purpose of Title VII).

Equitable tolling in an employment discrimination case focuses on whether there is excusable delay by the plaintiff and does not depend on any wrongful conduct by the defendant. *See Santa Maria,* 202 F.3d at 1178; *Valenzuela,* 801 F.2d at 1174–75 (plaintiff demonstrated due diligence in pursuing her claim, albeit in the wrong forum, and the defendant was not prejudiced by the delay); *cf. Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1136–37 (9th Cir.2001) (in disability discrimination action applying California law, equitable tolling is appropriate where there is timely notice and absence of prejudice to defendant and good faith and reasonable conduct by plaintiff).

The allegations in Veronda's complaint demonstrate that he exercised diligence in pursuing his claim and was given assurances that he had come to the right place to process his administrative claim. These allegations are sufficient to survive a Rule 12(b)(6) motion, since equitable tolling is rarely resolved at the pleading stage. *Daviton,* 241 F.3d at 1140; *Cervantes v. City of San Diego,* 5 F.3d 1273, 1277 (9th Cir.1993).

In summary, the allegations of the complaint show that Veronda may be able to establish that he constructively filed his administrative complaint in 1996 with another agency with actual or apparent authority to process the claim. If the district court concludes that a constructive administrative filing was made, the allegations of the complaint are sufficient to establish the potential applicability of equitable tolling regarding the timeliness of filing of Veronda's district court complaint. If the district court concludes that no constructive filing was made in 1996, the allegations of the complaint are sufficient to establish the potential applicability of equitable tolling regarding the timeliness of the July 22, 1999 administrative complaint filed with the EEOC.

REVERSED AND REMANDED.