**Jeffery LONG, Plaintiff–Appellant,**

v.

**Henry M. PAULSON, Secretary of the Department of the Treasury, Defendant–Appellee.**

No. 08–16372.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.

Filed Oct. 14, 2009.

Joseph Earl Collins, Esquire, Collins & Collins LLP, Phoenix, AZ, for Plaintiff–Appellant.

Peter Michael Lantka, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: WALLACE, THOMPSON and THOMAS, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellant, Jeffery Long ("Long"), filed a complaint two days after the expiration of the statute of limitations alleging that his former employer, the Internal Revenue Service, discriminated against him due to his disability. The district court entered summary judgment against Long concluding that he was not entitled to equitable tolling of the 90–day statute of limitations and his complaint was therefore time-barred. Long appeals contending that equitable tolling is warranted because he was hospitalized during the first eight days of the 90–day limitations period. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ At the outset, both parties contend that the district court's decision not to apply equitable tolling is reviewed for abuse of discretion. That is incorrect. Because the facts here are not disputed, the equitable tolling decision is a legal question which we review *de novo*. *Valenzuela v. Kraft, Inc.,* 801 F.2d 1170, 1172 (9th Cir.1986), *amended by* 815 F.2d 570 (9th Cir.1987).

■ When the Equal Employment Opportunity Commission dismisses a claim, it must inform the claimant and that he has ninety days to bring a civil action. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 2000e–16(d). The 90–day filing period is a statute of limitations and is subject to the doctrine of equitable tolling. *Scholar v. Pacific Bell,* 963 F.2d 264, 266–67 (9th Cir.1992). Equitable tolling, however, is only applied "sparingly" and the court is "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

■ The district court did not err in concluding that equitable tolling was not warranted. Long failed to show that his alleged inability to receive notice of his claim due to his hospitalization was anything more than "a garden variety claim of excusable neglect" which does not justify the application of equitable tolling. *Id.* Long merely provided an invoice from Banner Behavioral Health accompanied by a conclusory statement that he did "not receive the notice of decision nor could [he] have done anything with it until after his release in August 2007." (Er.4.) Long,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

however, did not allege that he was incapacitated while hospitalized at the Banner facility or that he was prevented from receiving or being apprised of his mail, including the right-to-sue letter that he concedes was received at his residence. "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993). And while Long purports to rely on his hospitalization at the Banner Behavioral Health facility to show mental incapacity justifying tolling, he does not actually allege, much less offer evidence to show, that he was mentally incapacitated at the time. *Cf. Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir.1999). Long is not entitled to equitable tolling and his complaint is therefore time-barred.

**AFFIRMED.**