**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLGA WELCH, | No. 09-55338 |
| Plaintiff - Appellant, | D.C. No. 8:08-cv-00770-CJC-RNB |
| v. | |
| SOUTHERN CALIFORNIA EDISON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and GRAHAM, Senior
District Judge.[**]

On September 23, 2008 Olga Welch ("Welch"), 53 years old, filed a

complaint in federal district court against her employer, Southern California

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James L. Graham, Senior United States District Judge
for the Southern District of Ohio, sitting by designation.

Edison and Edison International, Inc. ("Edison") and her manager, William

Flannery, alleging age discrimination and retaliation in violation of federal civil

rights laws.[1]  The district court granted defendants' motion to dismiss with

prejudice because Welch did not timely file her federal claims and failed to allege a

basis for equitable tolling.  Welch concedes that she did not timely file her federal

claims within the 90 day statutory period, but argues that the district court should

have applied equitable tolling.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

A district court's decision whether to apply equitable tolling is reviewed for

abuse of discretion.  Leong v. Potter, 347 F.3d 1117, 1121 (9th Cir. 2003).  Under

federal law,[2] equitable tolling is applied "sparingly."  Irwin v. Dep't of Veteran

Affairs, 498 U.S. 89, 96 (1990).  Equitable tolling is available when the plaintiff

"actively pursued his judicial remedies by filing a defective pleading during the

---

[1] Although Welch alleges age discrimination and retaliation in violation of
Title VII of the Civil Rights Act of 1964 in her complaint, the relevant statute is
the Age Discrimination in Employment Act ("ADEA").  Title VII only protects
against discrimination on the basis of an individual's race, color, religion, sex, or
national origin.  42 U.S.C. § 2000(a)(2).

[2] California equitable tolling principles do not apply because ADEA has a
federal statute of limitations.  See 29 U.S.C. 626(e).  A state's equitable tolling
principles only apply in the absence of a federal statute of limitations.  See Hardin
v. Straub, 490 U.S. 536, 538, 542 (1989); Harding v. Galceran, 889 F.2d 906, 907-
09 (9th Cir. 1989).

2

statutory period."[3]  Id.  For example, in Valenzuela v. Kraft Inc., 801 F.2d 1170

(9th Cir. 1986), we applied equitable tolling when the plaintiff timely filed her

Title VII claims in a court lacking jurisdiction.  Id. at 1174-75.

The statutory period for federal age discrimination claims is 90 days after

receipt of the right-to-sue letter.  See 29 U.S.C. § 626(e).  Welch received her

operative right-to-sue letter on or about November 13, 2006, giving her a right to

file her federal claims in federal or state court within one year.[4]  Her attorney did

neither.  Instead, nearly one year later, on October 7, 2007, Welch's attorney filed

a lawsuit in state court alleging only state law claims.  The state court lawsuit was

---

[3] Although federal courts also permit equitable tolling when the plaintiff has been prejudiced by her adversary's affirmative misconduct, Welch does not contend that Edison committed any affirmative misconduct.  Irwin, 498 U.S. at 96.

[4] Welch received multiple right-to-sue letters.  On September 9, 2006, Welch received a right-to-sue letter from the United States Equal Employment Opportunity Commission ("EEOC") informing her that she had 90 days to file her federal civil rights claims in federal or state court.  Welch subsequently received a right-to-sue letter from the California Department of Fair Employment Housing ("DFEH") on November 13, 2006, informing her that she had one year to file her state civil rights claims.   The DFEH letter also satisfies the exhaustion requirement for federal civil rights claims and may be used to calculate the 90 day limitations period.  See Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008) (holding that a plaintiff's federal claims will be deemed exhausted absent a right-to-sue letter from the EEOC if she received a right-to-sue letter from an appropriate state agency that has a work-sharing agreement with the EEOC).  Accordingly, we consider the November 13, 2006 letter to be the operative right-to-sue letter.

3

ultimately dismissed because all of Welch's state law claims were barred by the federal enclave doctrine.[5]

Welch is not entitled to equitable tolling because even if she had included her federal claims in her state court complaint, it was not filed within the statutory period of 90 days. Accordingly, Welch has not shown that she "actively pursued" her judicial remedies. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). We hold that the district court did not abuse its discretion in declining to apply equitable tolling to those claims.

Edison's request for judicial notice is GRANTED.

**AFFIRMED.**

---

[5] Welch worked on the San Onofre Nuclear Generating Station ("SONGS"), a federal enclave. Only federal law applies on federal enclaves. See Paul v. United States, 371 U.S. 245, 264-65 (1963). Accordingly Welch's state law claims are barred. See Snow v. Bechtel Const. Inc., 647 F. Supp. 1514, 1521 (C.D. Cal. 1986) (holding that plaintiff's state law wrongful discharge and retaliation claims are barred because she worked at San Onofre Nuclear Generating Station, which is on a federal enclave).