**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY L. WILLIAMS, | No. 10-71595 |
| Petitioner, | LABR No. 08-063 |
| v. | |
| UNITED STATES DEPARTMENT OF LABOR, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Labor

Submitted August 11, 2011[**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Anthony L. Williams petitions pro se for review of the Department of

Labor's Administrative Review Board ("ARB") order denying his complaint under

the Whistleblower Protection Provision of the Wendell H. Ford Aviation

Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 49 U.S.C. § 42121(b)(4)(A). We review the ARB's decision pursuant to the Administrative Procedure Act ("APA"). *Id.* Under the APA, "the ARB's legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004). We deny the petition.

The ARB properly denied Williams's complaint as untimely and concluded that equitable principles did not apply to toll the limitations period. *See* 29 C.F.R. § 1979.103(d) (requiring a complainant file an administrative complaint "[w]ithin 90 days after an alleged violation of [AIR 21] occurs"); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."); *Venezuela v. Kraft, Inc.*, 801 F.2d 1170, 1174-75 (9th Cir. 1986) (equitable tolling is warranted where the plaintiff showed due diligence in pursuing his claim in the wrong forum), *amended*, 815 F.2d 570 (1987).

Williams's remaining contentions are unpersuasive.

We deny Williams's "Motion to file Motion of Summary Disposition Beyond Briefing Period," filed on March 9, 2011. *See* 9th Cir. R. 3-6. We deny as moot Williams's July 6, 2011 request for determination.

**PETITION FOR REVIEW DENIED.**