**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE NGUYEN, | No. 11-55580 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-01925-MMA-WVG |
| v. | |
| QUALCOMM, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT, District Judge.[**]

Christine Nguyen ("Nguyen") appeals: (a) the district court's determination

that she did not exhaust her administrative remedies; (b) the district court's grant of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for Northern Iowa, sitting by designation.

summary judgment in favor of Qualcomm Incorporated ("Qualcomm") on Nguyen's employment discrimination and harassment claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; (c) the district court's grant of summary judgment in favor of Qualcomm on her state tort assault and battery claims; and (d) the district court's denial of her motion to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d).

We review de novo the district court's decisions regarding both administrative exhaustion and summary judgment. *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

We hold that Nguyen exhausted administrative remedies. We reverse the grant of summary judgment on the Title VII discrimination claim and remand for trial. We affirm the grant of summary judgment on the Title VII harassment claim and the state tort assault and battery claims. Finally, we hold that Nguyen's motion to reopen discovery is moot. The district court will set a new discovery schedule in preparation for trial.

I. Administrative Exhaustion

While the district court correctly found that Nguyen's complaint with the Equal Employment Opportunity Commission ("EEOC") was timely filed, it

erroneously concluded that Nguyen's Title VII claim was time-barred nonetheless.

The district court confirmed that Nguyen's October 24, 2008 discrimination charge

with the Department of Fair Employment and Housing ("DFEH") "was based on

grounds of race, color, national origin and sex." The district court also explained

that because of worksharing between the DFEH and the EEOC, Nguyen timely

filed her EEOC charge, and that she was entitled to file suit in federal district court:

> Plaintiff's DFEH charge satisfied the requirement to file a charge with the
> EEOC. The DFEH has a worksharing agreement with the EEOC, wherein
> the DFEH is the agent of the EEOC for the 'purpose of receiving . . .
> charges.' *Steifel*, 624 F.3d at 1244; 42 U.S.C. § 2000e-8(b). Plaintiff became
> 'entitled' to an EEOC right-to-sue letter 180 days later, on May 6, 2008.
> Thereafter, Plaintiff had 90 days, until August 4, 2009, to file suit.

Nguyen was supposed to receive a right-to-sue letter on May 6, 2008, after

which she would have had 90 days to file suit in federal court. The letter did not

arrive until August 14, 2008; thus, she was unable to file within the 90-day period.

We find that in this matter, "the 90-day filing period is a statute of limitations

subject to equitable tolling . . . ." *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245

(9th Cir. 2010) (alteration, citation and quotation omitted).

In *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1175 (9th Cir. 1986), this court

equitably tolled the statute of limitations where Valenzuela mistakenly filed in

state court and was awaiting the outcome of the state court proceeding when the

time to file suit with the EEOC expired. In that case, the court tolled the time period for filing suit until the individual received notice that the state claim was dismissed by the state court. Similarly, Nguyen here mistakenly filed a charge with the EEOC and was awaiting that charge to be resolved when her time to file suit expired. We toll Nguyen's 90-day period until Nguyen received the first notice that her EEOC charge was untimely – on August 14, 2009. As a result, Nguyen's filing of suit on September 2 was timely.

## II. Title VII Claim

Title VII of the Civil Rights Act prohibits employment discrimination on the basis of a protected status. An illegal employment practice is established by showing that race, color, religion, sex, or national origin was a "motivating factor for any employment practice, even though other factors also motivated the practice." Title VII, § 703(m), 42 U.S.C. § 2000e-2(m), as amended by the Civil Rights Act of 1991. In her sworn declaration, Nguyen alleges that her supervisor, Stanton, stated in her presence that "I be hired because I am Vietnamese and he would not have to pay me as much as an American." In her deposition testimony, Nguyen explained that when she complained to Stanton that she was mistreated by other workers, he replied, "You are a woman Vietnamese, you have to listen to me. Don't complain anything, just come to work and finish your project."

Nguyen's declaration and deposition testimony present direct evidence of discriminatory animus. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1094-95 (9th Cir. Wash. 2005); *see also Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) ("When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.").

This Court has "repeatedly held that a single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1039 (9th Cir. 2005). Stanton was Nguyen's direct supervisor. Stanton's comments to Nguyen create a genuine issue of material fact on whether Nguyen's gender and Vietnamese national origin were "motivating factor[s]" in her termination. Title VII, § 703(m), 42 U.S.C. § 2000e-2(m), as amended by the Civil Rights Act of 1991.

This genuine issue of material fact defeats summary judgment; the *McDonnell Douglass* framework is inapplicable here because Nguyen presented direct evidence of discrimination. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) ("[T]he McDonnell Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination.").

We affirm the district court's grant of summary judgment on Nguyen's Title VII harassment claim. Her evidence falls short of establishing that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted).

## III. Assault and Battery Claims

Nguyen's state-law assault and battery claims are preempted by California's workers' compensation law, and we therefore affirm the district court's grant of summary judgment to Qualcomm on Nguyen's assault and battery claims. *See Torres v. Parkhouse Tire*, 26 Cal.4th 995, 1009 (2001).

## Conclusion

The district court's order granting summary judgment to Qualcomm on Nguyen's Title VII employment discrimination claim is REVERSED and REMANDED for proceedings consistent with this disposition. The district court's order granting summary judgment on Nguyen's Title VII harassment claim and Nguyen's assault and battery claim is AFFIRMED. Nguyen's appeal from the district court's discovery order is DENIED as moot.

Each party shall bear its own costs on appeal.