June E. BERRY, etc., Appellant,

v.

PACIFIC SPORTFISHING, INC., et al.,
Appellees.

No. 20474.

United States Court of Appeals
Ninth Circuit.

Feb. 8, 1967.

Ben Margolis, William B. Murrish, of Margolis & McTernan, Los Angeles, Cal., for appellant.

Jerome O. Hughey, of Overton, Lyman & Prince, Los Angeles, Cal., for appellees.

Before JERTBERG, JOHNSEN and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

The sole question presented on this appeal is whether appellant's claim is barred by the statute of limitations. The district court held that it is. We reverse.

Appellant's claim is for the wrongful death of her husband, which occurred on appellee's vessel "Fisherman" on July 13, 1962. On July 11, 1963, appellant filed in the California Superior Court, Los Angeles County, an action against appellees for wrongful death. On February 5, 1964, appellees filed an answer in the state court, but did not assert lack of jurisdiction. Appellees did allege their intention to file, in federal court, a limitation of liability proceeding. On May 8, 1964, a pre-trial conference was held in the state court. Appellees, in their pre-trial statement, did not assert lack of jurisdiction, but again stated their intention to file a limitation proceeding. The statement was made a part of the state

judge's pre-trial order. The case was set for trial on October 5, 1964.

On July 16, 1964, appellees, as vessel owners, filed the present action in federal court, seeking limitation of liability. An injunction against prosecution of the state court action issued on July 17, 1964. So far as appears, the state court action is still pending. On October 23, 1964, appellant filed a claim and on September 3, 1965, an amended claim in this action. In the amended claim she recited that her state court action should have been filed in federal court, because death occurred on the high seas, and therefore the federal court has exclusive jurisdiction, 46 U.S.C. § 761.

The court entered a judgment dismissing the claim on the ground that it is barred by the statute of limitations. The period of limitation, 46 U.S.C. § 763, is two years. That period ran on July 13, 1964, three days before the present action was commenced by appellees. Admittedly, no action was filed by appellant in federal court within the two year period.

■ Essentially, appellees' position is that the jurisdiction conferred upon courts of admiralty by the Death on the High Seas Act is exclusive, so that the state court had no jurisdiction, and that therefore the filing and pendency of the state court action can have no effect upon the running of the statute of limitations. We disagree. We think that the rationale of Burnett v. New York Central R. R. Co., 1965, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941, requires a reversal. There the original action under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., was filed in an Ohio State Court. However, because of the peculiarities of Ohio law, there was no court in Ohio where venue of the action was proper. Accordingly, the Ohio court dismissed the action on motion of the defendant. Eight days later the plaintiff filed a new action, for the same relief, in the Federal District Court for the Southern District of Ohio. That action, however, was filed more than three years after the cause of action accrued (45 U.S.C. § 56). The

District Court therefore dismissed it. The Supreme Court reversed. It held: (1) that the Ohio action had been properly "commenced" within the 3-year period; (2) that, although the limitation was established in the same statute which created the right, that limitation could nevertheless be tolled; (3) that the purpose of the limitation statute is to prevent "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared", and to relieve courts of "the burden of trying stale claims when a plaintiff has slept on his rights", and that all of those purposes had been served by the filing of the Ohio action. In so holding, the court commented that the plaintiff did not fail to file his action in the federal court because he was disinterested but because he felt that his state action was sufficient (380 U.S. at 426–429, 85 S.Ct. 1053–1055). In her amended claim in the present action, appellant makes the same assertion. Her counsel believed that the state court had jurisdiction. The Supreme Court also said that the defendant could not have relied upon the policy of repose embodied in the statute, because it was aware that plaintiff was actively pursuing his FELA remedy. (Id. at 430, 85 S.Ct. at 1055.) These arguments, we think, are equally applicable here.

To all of this, the appellees' answer is technical. It points out that the state and federal courts have concurrent jurisdiction in FELA cases (45 U.S.C. § 56), while jurisdiction of the federal courts under the Death on the High Seas Act is exclusive. See Higa v. Transocean Airlines, 9 Cir., 1955, 230 F.2d 780; Trihey v. Transocean Airlines, 9 Cir., 1958, 255 F.2d 824. Appellees then point to certain language in the Burnett opinion which appears to limit the holding to cases where the court in which the first action was filed had jurisdiction. Thus the court referred to "process * * * adequate to bring in the parties and to start the case on a course * * * which may lead to final judgment"

(380 U.S. at 426, 85 S.Ct. at 1053), to "action in a state court of competent jurisdiction" (id. at 428, 429, 432, 434, 85 S.Ct. at 1053), to the fact that improper venue under Ohio law could be waived (id. at 429, 85 S.Ct. at 1055), and to other cases involving improper venue (id. at 430ff, 85 S.Ct. at 1055ff).

"Jurisdiction," however, is a word of many meanings. Under the California Constitution, the Superior Court is the trial court of general rather than limited jurisdiction. (Cal.Const., Art. 6, § 5 as amended November 6, 1928; American Radio Assn., AFL–CIO v. Superior Court, 1965, 237 Cal.App.2d 891, 47 Cal.Rptr. 419). Its jurisdiction is therefore presumed. (Cheney v. Trauzettel, 1937, 9 Cal.2d 158, 69 P.2d 832; Johnson v. Canty, 1912, 162 Cal. 391, 123 P. 263; Parsons v. Weis, 1904, 144 Cal. 410, 77 P. 1007; Galpin v. Page, 1873, 85 U.S. (18 Wall.) 350, 21 L.Ed. 959.) Here it is clear, and is not disputed, that the Superior Court had jurisdiction of the parties; its process was adequate to bring them in. Both sides appeared in the action. Besides, such jurisdiction is also presumed. See Sharp v. Daugney, 1867, 33 Cal. 505. The Superior Court also had jurisdiction of the subject matter in a broad sense, i. e., of an action in tort. See Loranger v. Nadeau, 1932, 215 Cal. 362, 10 P.2d 63, 84 A.L.R. 1264. It also had jurisdiction of the subject matter in a more limited sense, i. e., of an action for wrongful death. (Cal.Code Civ.P. § 377). And if the death had arisen from a maritime tort occurring within the territorial waters of California, the Superior Court would still have jurisdiction. The Death on the High Seas Act expressly preserves that jurisdiction, 46 U.S.C. § 767; The Tungus v. Skovgaard, 1959, 358 U.S. 588, 593, 79 S.Ct. 503, 3 L.Ed.2d 524; Curry v. Fred Olsen Line, 9 Cir., 1966, 367 F.2d 921, 923, and cases there cited in notes 6 and 8. It is only the fact that death was caused on the high seas that deprives the court of "jurisdiction." The complaint in the state case says that the accident occurred "approximately ten (10) miles off the eastern end of Santa Catalina Island." If this allegation is correct, the death was caused on the high seas. But this allegation could have been controverted, and it would then have been a question of fact, for the state court to determine, as to where the accident did occur. Here, appellees did not deny the allegation, thus admitting it. But this admission did not deprive the court of jurisdiction. It was still necessary that appellees assert lack of jurisdiction, and it was still for the court to decide whether it had jurisdiction; to that extent, it had "jurisdiction." See In Re Tassey, 1927, 81 Cal.App. 287, 253 P. 948; United States for Use of E. E. Black Limited v. Price-McNemar Const. Co., 9 Cir., 1963, 320 F.2d 663, 664.

Here, then, we have a case in which the California court did have power to act, in the sense, first, that appellant could file her complaint in that court, second, that the court could bring the parties before it, and third, it could continue to act, as a court of general jurisdiction, until it was asserted that it lacked jurisdiction and it determined that the assertion was correct. The burden of asserting lack of jurisdiction was on appellees. Yet they never made the assertion. Meanwhile, the claim certainly had not been allowed to slumber until evidence had been lost, memories had faded, and witnesses had disappeared. On the contrary, appellant had been pressing her suit, discovery had been had, pre-trial had been completed, and the case had been set for trial. We think that the California action accomplished the purposes referred to in the Burnett case, and that the statute of limitations was tolled. Cf. United States for Use of E. E. Black Limited v. Price-McNemar Const. Co., supra; United States v. Woodbury, 9 Cir., 1966, 359 F.2d 370, 375.

Reversed and remanded.