Harold McGLENON, Special Administrator of the Estate of Earl Raymond Cairl, Plaintiff-Appellant,

v.

The BOEING COMPANY, Defendant-Appellee.

No. 23790.

United States Court of Appeals, Ninth Circuit.

Jan. 29, 1971.

Herbert Resner (argued), of Belli, Ashe, Ellison, Choulos & Lieff, San Francisco, Cal., for plaintiff-appellant.

Dickran Tevrizian, Jr. (argued), of Kirtland & Packard, Los Angeles, Cal., for defendant-appellee.

Before BARNES, HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order of dismissal with prejudice of an action under the Death on the High Seas Act, 46 U.S.C. §§ 761–768. On February 23, 1962, the decedent Cairl fell from a Boeing-made aircraft approximately 60 miles from Thule Air Force Base, Greenland. The district court dismissed the action,

filed on May 6, 1968, because it had not been initiated within two years after the claim arose. We affirm.

The Death on the High Seas Act under which the suit was instituted creates a comprehensive scheme for recovery from a maritime wrongful death. It provides a two-year limitation period. 46 U.S.C. § 763.

Within the two-year period, on February 20, 1964, the plaintiff-appellant, as special administrator of the estate of the decedent, filed an action in admiralty against the defendant-appellee. The plaintiff thereafter willfully failed to answer interrogatories which were propounded on October 7, 1965.

For failure to answer the interrogatories, the defendant moved to dismiss the complaint. The motion was granted on November 14, 1966, following which counsel for the plaintiff moved to vacate the order of dismissal. That motion was heard and denied on December 18, 1967.

On May 6, 1968, another action was filed in the district court, seeking recovery in admiralty for damages for the death in 1962. Upon motion of the defendant, the district court dismissed the complaint.

Although admitting the dereliction of his counsel, appellant urges that the 1968 action was timely brought under the decisions in Burnett v. New York Central R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), and Berry v. Pacific Sportfishing, Inc., 372 F.2d 213 (9th Cir. 1967).

In Burnett the plaintiff timely filed a personal injury claim in a state court in Ohio but in the wrong county. In that state, actions against railroads should have been brought in the county of the plaintiff's residence or in the county where the injury occurred. Eight days after the state court's suit was dismissed, the plaintiff brought suit in the United States District Court and, on appeal, it was held that the suit was timely filed. In declining to apply the equitable doctrine of laches the court said,

"Whether laches bars an action in a given case depends upon the circumstances of that case and 'is a question primarily addressed to the discretion of the trial court.' Gardner v. Panama R. Co., 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31. To apply it here would be at variance with the policies of certainty and uniformity underlying this statute of limitations. We conclude that a uniform rule tolling the federal statute for the period of the pendency of the state court action and until the state court dismissal order becomes final is fair to both plaintiff and defendant, carries out the purposes of the FELA, and best serves the policies of uniformity and certainty underlying the federal limitation provision." Id. 380 U.S. at 435–436, 85 S.Ct. at 1058.

In Berry, we considered an action first brought in the California state court for wrongful death on the high seas, "somewhere near ten miles from shore." The defendant appeared, did not assert any lack of jurisdiction in the state court until three days after the statutory period of limitations had expired, then sought an injunction against prosecution of the state court action. This was done after a trial date had been assigned to the case.

The plaintiff in Berry refiled his claim in the district court, which had exclusive jurisdiction because the death occurred on the high seas. In refusing to dismiss the action, we noted that the claim was not allowed to slumber, that the plaintiff had been pressing her suit, employed discovery procedures and asked for a trial date.

Appellant here comes within neither Burnett nor Berry. Under the facts of this case, we would be ignoring the statute of limitations entirely if we were to ignore the appellant's inexcusable delay throughout the history of the litigation.

At oral argument, appellant referred for the first time to Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), holding

that an action for wrongful death is available under general maritime law when a ship is unseaworthy, contending that it was dispositive of this appeal. Since neither the court nor appellee was aware of this decision, the parties were asked to file supplemental memos expressing their views.

Since oral argument, appellant's unequivocal reliance upon *Moragne* as dispositive has apparently faltered since the court has not received the requested memorandum within the liberal time period established. Appellant's lack of ardor for this decision is not surprising since this action was brought under the Death on the High Seas Act, 46 U.S.C. §§ 761–768, and dismissal was granted under the statute of limitations provided therein.

In any event, in view of counsel's repeated dereliction, up to and including the disposition of this appeal, laches would bar the claim even if asserted under *Moragne*.

Affirmed.