**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REBECCA A. ARIS,

                Plaintiff - Appellant,

    v.

STATE OF HAWAII DEPARTMENT OF
EDUCATION; JOHN DOES, 1-10; DOE
ENTITIES, 1-10,

                Defendants - Appellees.

No. 13-17348

D.C. No. 1:13-cv-00035-LEK-
KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 19, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

    Appellant Rebecca Aris appeals from the district court's judgment

dismissing her Title VII claims as barred by the statute of limitations. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Aris's sole argument on appeal is that she is entitled to equitable tolling under *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965). When the underlying facts are undisputed, we review de novo whether equitable tolling applies. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006).

In *Burnett*, the plaintiff sued in state court under the Federal Employers' Liability Act (Act), but his case was dismissed for improper venue after the limitations period had run. 380 U.S. at 424–25. He then refiled in federal court, but his claim was dismissed again as untimely. *Id.* at 425. The Supreme Court reversed, concluding that the circumstances of the case merited tolling. *Id.* at 427–28. As in other cases where plaintiffs had been "prevented from asserting" claims under the Act, the plaintiff in *Burnett* had not "slept on his rights," but rather had filed a timely action in a court where railroads, including the defendant, had previously waived the applicable venue restriction. *Id.* at 429. Furthermore, legislation at both the state and federal levels recognized that it would be unfair to bar a plaintiff's claim based solely on improper venue when the case was timely filed but dismissed after the limitations period had run. *Id.* at 430–32. Because of these considerations, the Court concluded that it would effectuate Congress's intent in enacting the Act to toll the limitations period during the pendency of the plaintiff's state court action. *Id.* at 432.

This case is distinguishable from *Burnett*. Aris has the burden to "alleg[e] facts which would give rise to tolling," *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993), and she has not done so here. She has alleged only that she timely filed her claims in state court, voluntarily dismissed them outside the limitations period when Appellee State of Hawaii Department of Education (Department) challenged the court's jurisdiction on sovereign immunity grounds, and refiled the claims in federal court the same day. Absent, however, are the critical facts that underlaid the decision in *Burnett*: the plaintiff's belief that "his state action was sufficient" because the defendant had previously waived its venue objection and the general legislative agreement that a venue defect is not a reason to bar claims that have been timely filed. 380 U.S. at 429–32. Here, Aris has not shown or even alleged that the Department has ever waived its immunity in state court for cases like hers, nor has she identified any legislative antipathy toward barring claims originally filed in courts that unquestionably lacked jurisdiction to hear them.

Aris also argues that the Department has not been prejudiced by the improper filing, but prejudice "is not an independent basis for invoking [tolling]"; rather, it becomes relevant only after "a factor that might justify such tolling is identified." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam).

3

Accordingly, we hold that Aris has not demonstrated entitlement to tolling under *Burnett*, and the district court did not err in so concluding.

**AFFIRMED.**