

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re:<br>INTERWORKS UNLIMITED INC.,<br>　　　　　　Debtor. | BAP No. CC-22-1027-STL<br><br>Bk. No. 2:19-bk-17990-VZ |
| EDWARD M. WOLKOWITZ, Attorney,<br>Chapter 7 Trustee for bankruptcy estate<br>of Interworks Unlimited Inc.,<br>　　　　　　Appellant,<br>v.<br>HAI OU YANG,<br>　　　　　　Appellee. | Adv. No. 2:21-ap-01205-VZ<br><br>**MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the Central District of California
Vincent Zurzolo, Bankruptcy Judge, Presiding

Before: SPRAKER, TAYLOR, and LAFFERTY, Bankruptcy Judges.

## INTRODUCTION

Edward M. Wolkowitz, chapter 7[1] trustee in the Interworks

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Unlimited Inc. bankruptcy case ("Interworks") filed an avoidance action against Hai Ou Yang mere hours before the limitations period expired. Unfortunately, he filed the complaint in the wrong bankruptcy case. Eventually, his counsel realized the error, refiled the complaint on the Interworks docket, and dismissed the original action. The Interworks bankruptcy court then granted Yang's motion to dismiss, holding that the applicable statutes of limitations barred the trustee's claims.

The trustee argues that the bankruptcy court erred by elevating form over substance. In his view, the timely filing of the complaint is dispositive, and its docketing in the wrong case is of no significance. He contends that his claims related back to the original filing or that the limitations period was equitably tolled. He also appeals the denial of his motion under Civil Rule 59(e), which introduced declarations from his counsel that the court instructed them to withdraw or dismiss the erroneously filed complaint.

We disagree with his assertions. The filing of the complaint in the Interworks bankruptcy neither amended the complaint filed earlier in the other bankruptcy case, nor did it relate back to that filing date. Moreover, the mistake that precipitated these circumstances arose from avoidable negligence because the trustee waited until the last day to commence the avoidance action and numerous others. Human error is always a risk; the trustee here left himself no time to seek a remedy. Such circumstances do not support equitable tolling. Accordingly, the trustee's claims were untimely, and we AFFIRM.

## FACTS[2]

In July 2019, Interworks commenced its bankruptcy by filing a voluntary chapter 7 petition. Wolkowitz was appointed to serve as chapter 7 trustee. Two years later, on the final day to commence actions under §§ 108(a) and 546(a), the trustee filed a series of complaints against third parties stating a variety of claims under both bankruptcy and non-bankruptcy law.

Among others, the trustee commenced adversary proceeding number 2:21-ap-01138-VZ by filing a complaint against appellee Hai Ou Yang seeking recovery for breach of contract, unjust enrichment, and to avoid transfers made by Interworks under §§ 544, 548, 550, and Cal. Civ. Code § 3439.04. Each of these claims for relief was premised on the allegation that between 2015 and 2017, Yang received from Interworks "no less than $399,000" in payments in excess of the amount to which he was legally or equitably entitled. The trustee's complaint correctly identified Interworks as the debtor and the underlying bankruptcy case number as 2:19-bk-**17990**-VZ in the caption. But counsel accidentally filed the complaint in the unrelated bankruptcy case of Luis Garcia and Maria De La Cruz Garcia, bankruptcy case number 2:19-bk-**17790**-VZ.[3]

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Though the Garcias and their bankruptcy case have no connection to the trustee's complaint against Yang, we refer to this complaint as the "Garcia Complaint"

Within several days, the clerk of court issued a summons for the Garcia Complaint. The trustee never served it. Rather, the clerk entered a notice of an error or deficient document. The notice referenced a "mismatch" between the relevant docket information and the debtor's name and bankruptcy case number on the Garcia Complaint's caption page. This docket entry generated a notice of electronic filing that: "THE FILER IS INSTRUCTED TO FILE A NOTICE OF WITHDRAWAL USING WITHDRAWAL DOCKET EVENT AND REFILE THE DOCUMENT USING THE CORRECT DOCKET EVENT THAT MATCHES THE DOCUMENT." The notice was electronically sent to the trustee's counsel who had signed the complaint, Kurt Ramlo.

Almost three months elapsed before the trustee took any action. On October 5, 2021, he commenced adversary proceeding number 2:21-ap-01205-VZ ("Interworks Adversary Proceeding") by filing a new complaint in Interwork's bankruptcy identical to the Garcia Complaint ("Interworks Complaint"). The clerk issued a summons for the Interworks Complaint, which the trustee served on Yang shortly thereafter.

Within days of filing the Interworks complaint, the trustee filed a notice pursuant to Civil Rule 41(a)(1)(A)(i)[4] in the Garcia Adversary

---

and this adversary proceeding as the "Garcia Adversary Proceeding" for ease of reference and to avoid confusion.

[4] As made applicable in adversary proceedings by Rule 7041, Civil Rule 41 in relevant part permits plaintiffs to voluntarily dismiss an action without prejudice upon the filing of a notice of dismissal, so long as the notice of dismissal is filed before the

Proceeding dismissing it without prejudice. He explained that he was dismissing the complaint and the adversary proceeding "per the court's direction" because the Garcia Complaint was incorrectly docketed. He further advised that he had filed the Interworks Complaint.

On November 12, 2021, the trustee amended the Interworks Complaint. The first amended Interworks complaint ("Amended Interworks Complaint") stated the same claims for relief but contained additional, more-detailed allegations regarding Interworks' financial condition and the transfer of funds between Interworks and Yang. The Amended Interworks Complaint also alleged that though the adversary proceeding initially was commenced as "Adv. No. 2:21-ap-01138," and accidentally linked to the wrong bankruptcy case, "the Clerk of the Court asked that the [Garcia Complaint] be re-filed, correctly entering in the case number of the main chapter 7 case."

Shortly after the filing of the Amended Interworks Complaint, Yang moved to dismiss the Interworks Adversary Proceeding under Civil Rule 12(b)(6).[5] Yang asserted that because the Interworks Adversary Proceeding was not commenced within two years of the entry of the order for relief in

---

defendant responds to the complaint by filing either an answer or a motion for summary judgment.

[5] This actually was Yang's second Civil Rule 12(b)(6) motion. Prior to the filing of the Amended Interworks Complaint, Yang filed his first Civil Rule 12(b)(6) motion. But the parties stipulated to withdrawal of the first dismissal motion pending the filing of the Amended Interworks Complaint.

Interworks' bankruptcy case, the trustee's claims were time barred pursuant to §§ 108(a) and 546. Yang also argued that neither of the complaints filed in the Interworks bankruptcy related back to the date of the Garcia Complaint as provided in Civil Rule 15(c).

The trustee opposed the dismissal motion. In his view, the two adversary proceedings were one and the same. He acknowledged that he "re-filed" the Interworks Complaint in response to the clerk's notice of electronic filing regarding the error or deficiency in filing the Garcia Complaint and that he then had dismissed the Garcia Adversary Proceeding. But he posited that the form of his response should not prevent the Interworks Complaint from relating back to the date of the filing of the Garcia Complaint even though the two complaints initiated separate adversary proceedings. Alternately, he argued that equitable tolling applied because he filed his complaint timely but in the wrong case.

After holding a hearing, the bankruptcy court granted Yang's dismissal motion. The court held that the Interworks Complaint could not relate back to the Garcia Complaint because the trustee had dismissed that action. The court rejected the trustee's argument that he merely followed the court's instructions by dismissing the Garcia Complaint and filing the Interworks Complaint. The court also found that the trustee had not been diligent in pursuing the matter and that Yang lacked notice of the trustee's claims for relief until he was served the Interworks Complaint in October 2021. The bankruptcy court held that this was fatal to the trustee's

equitable tolling argument.

The trustee moved under Civil Rule 59(e) to alter or amend the court's dismissal order. Yang opposed the motion, and the court denied it. The trustee timely appealed both the dismissal order and the denial of his Civil Rule 59(e) motion.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(H). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1.     Did the bankruptcy court err when it dismissed the Interworks Adversary Proceeding?

2.     Did the bankruptcy court abuse its discretion when it denied the trustee's Civil Rule 59(e) motion?

## STANDARDS OF REVIEW

We review de novo the dismissal of the trustee's adversary proceeding under Civil Rule 12(b)(6). *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A court's decision to apply equitable tolling also is reviewed de novo when the relevant facts are undisputed. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1109 (9th Cir. 2006). When we review a matter de novo, we give no deference to the bankruptcy court's decision. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review for an abuse of discretion the bankruptcy court's denial of the trustee's Civil Rule 59(e) motion. *Carroll v. Nakatani*, 342 F.3d 934, 940

7

(9th Cir. 2003). The bankruptcy court abused its discretion if it applied an incorrect legal rule or its factual findings were illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

**A.     The bankruptcy court did not commit reversible error when it dismissed the Interworks Adversary Proceeding.**

### 1.     Applicable legal standards—Civil Rule 12(b)(6).

Motions to dismiss under Civil Rule 12(b)(6), made applicable in adversary proceedings by Rule 7012, challenge the legal sufficiency of the complaint. They test whether the complaint contains any cognizable legal theories and whether it includes sufficient factual allegations to support those legal theories. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Civil Rule 12(b)(6) motion to dismiss, the plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the complaint's "non-conclusory factual content and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (cleaned up).

When considering dismissal under Civil Rule 12(b)(6), the court's factual investigation generally is limited to the complaint's allegations.

8

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But the court also may consider items properly subject to judicial notice. *Id.* Judicially noticeable facts include those "not subject to reasonable dispute" because they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). When the complaint's allegations are at odds with matters that are properly the subject of judicial notice, the court need not accept those allegations as true when considering a motion to dismiss. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

**2.    By the time the trustee filed the Interworks Complaint, the limitations periods had passed, and neither the relation back doctrine nor equitable tolling applied.**

The trustee does not dispute that by the time he filed the Interworks Complaint, his claims for relief were time barred under §§ 108(a) or 546 unless either the relation back doctrine or equitable tolling applied. We address each doctrine in turn.

**a.    The Interworks Complaint did not relate back.**

Under Civil Rule 15(c)(1)(B), made applicable in adversary proceedings by Rule 7015, an otherwise time-barred claim in an amended complaint relates back to the date of the "original pleading" when the claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading. *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004

9

(9th Cir. 2014). But there is no "original pleading" for the "amendment" to relate back to when the action in which the original pleading was filed has been dismissed. Rather, where a plaintiff files a second complaint to start a new case, that complaint cannot "relate back" to any prior complaint because the second complaint was not an "amendment" of the first complaint but rather was a separate pleading commencing a new action. *O'Donnell,* 466 F.3d at 1111 (citing Civil Rule 15(c)(2)).

It is also well settled that when an action is dismissed and the limitations period runs during the pendency of the action, a subsequent action is time barred. *Willard v. Wood*, 164 U.S. 502, 523 (1896). As the Ninth Circuit has recognized, where an action is dismissed without prejudice under Civil Rule 41(a), the dismissed action does not affect the running of the statute of limitations. *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). It is "as if the [dismissed] suit had never been brought in the first place." *Id.*; *see also Tur v. YouTube, Inc.*, 562 F.3d 1212, 1213 (9th Cir. 2009) ("A dismissal without prejudice . . . leaves the parties where they would have stood had the lawsuit never been brought." (cleaned up)); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 & n.12 (4th ed. 2022) ("as numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed.").

Thus, when the statute of limitations expires while an action is pending and that action subsequently is dismissed "without prejudice," the

10

legal effect of such dismissal is the same as a "dismissal with prejudice." *Lal v. Felker*, No. 2:07-CV-2060-KJM-EFB, 2015 WL 1530491, at *6 (E.D. Cal. Apr. 3, 2015), *report and recommendation adopted*, No. 2:07-CV-2060-KJM-EFB, 2015 WL 3469144 (E.D. Cal. June 1, 2015) (citing *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir.1985) (per curiam)); *see also Bacon v. City & Cnty. of San Francisco*, No. C04-3437 TEH, 2005 WL 1910924, at *5 (N.D. Cal. Aug. 10, 2005) (indicating the same and stating, "[d]ismissal of Plaintiff's case would prohibit a disposition on the merits because Plaintiff would be time-barred from re-filing his claims.").

The Interworks Complaint commenced a new action; it did not amend the Garcia Complaint. Therefore, it could not relate back to the Garcia Complaint under Civil Rule 15(c)(2). Even if it could, there is no "original pleading" for his Interworks Complaint to relate back to because the trustee dismissed the Garcia Adversary Proceeding. For these reasons, the bankruptcy court did not err by rejecting the trustee's argument that the Interworks Complaint related back to the Garcia Complaint.

### b. Equitable tolling does not apply.

Though equitable tolling applies to the limitations period imposed by § 546(a)(1), *Ernst & Young v. Matsumoto (In re United Ins. Mgmt., Inc.)*, 14 F.3d 1380, 1384 (9th Cir. 1994), the trustee's equitable tolling argument also fails. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been

11

induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell*, 466 F.3d at 1112 (quoting *Irwin v. Dep't of Vet. Affairs*, 498 U.S. 89, 96 (1990)).

To establish equitable tolling, the trustee was required to prove: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (cleaned up), *aff'd and remanded sub nom.*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). The Ninth Circuit has explained that:

> [t]o apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that **an external force must cause the untimeliness**, rather than, as we have said, merely "oversight, miscalculation or negligence on the petitioner's part, all of which would preclude the application of equitable tolling."

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (brackets omitted and emphasis added) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). More recently, the Ninth Circuit has confirmed that there must be a causal relationship between the extraordinary circumstance and the late filing. *See Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc). As the *Smith* court put it, "it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id*. Thus, even in instances involving defective filings, "the principles of equitable

tolling described above do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96.[6]

The trustee has relied heavily on *O'Donnell.* There, the plaintiff timely commenced her first civil rights and employment discrimination action, but that action was stayed when the defendant filed bankruptcy. Rather than suspending the action during the entire pendency of the stay, the district court gave plaintiff creditor 180 days to somehow move her claims forward. When the plaintiff failed timely to do so, the court dismissed her complaint for failure to prosecute. She did not appeal the dismissal but

---

[6] A number of cases have applied equitable tolling where the plaintiff initially filed its complaint in a court lacking jurisdiction or with improper venue and later filed a complaint in the appropriate court after the limitations period had run. *See, e.g., Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 427-30 (1965); *Oltman v. Holland Am. Line, Inc.*, 538 F.3d 1271, 1278 (9th Cir. 2008); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1175 (9th Cir. 1986), *opinion amended on denial of reh'g*, 815 F.2d 570 (9th Cir. 1987). These cases have focused on the remedial purpose (if any) of the statute giving rise to the underlying time-barred claims, whether the plaintiff acted reasonably in filing the lawsuit in the wrong court, and whether the defendant was aware of the claims against it, so as to ameliorate the notice and repose concerns typically underlying limitations statutes. *See Oltman*, 538 F.3d at 1278; *Valenzuela*, 801 F.2d at 1175; *Berry v. Pac. Sportfishing, Inc.*, 372 F.2d 213, 214 (9th Cir. 1967). When the defendant has no notice of the plaintiff's claims before the limitations period runs, the Supreme Court has declined to apply equitable tolling even when plaintiff commenced some form of litigation activity before the statute of limitations expired. *See Int'l Union of Elec. Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 238 (1976). The trustee has not cited *Burnett* or its progeny. In fact, the trustee never has attempted to describe the misfiling of the Garcia Complaint as reasonable or justified in any way. Nor has he ever asserted that Yang had notice of his claims prior to service of the Interworks Complaint—well after the limitations period had expired. Accordingly, the trustee has forfeited the argument that the bankruptcy court should have applied the *Burnett* line of authority to this case. *See Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487–88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010).

instead commenced a new action after the automatic stay was lifted. 466 F.3d at 1107-08. The new action repeated the same claims raised in the dismissed action. The plaintiff later amended that complaint to add new claims under the Equal Pay Act. *Id.* at 1108. *O'Donnell* made clear that "where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the . . . limitations period." *Id.* at 1111 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993)). Thus, "dismissal of the original suit, even though labeled as without prejudice, nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." *Id.* at 1111 (cleaned up); *see also Gibbs v. Wood*, No. 15-CV-4115-TEH, 2017 WL 1407727, at *3 (N.D. Cal. Apr. 20, 2017) ("If the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.").

*O'Donnell* affirmed the dismissal of the civil rights and employment discrimination claims in the second action as untimely. Those claims had expired prior to the bankruptcy filing, and the pendency of the first action did not equitably toll the limitations period. However, the court held that the automatic stay did equitably toll the limitations period for filing the plaintiff's Equal Pay Act ("EPA") claims for any such claims that had not expired before the bankruptcy filing. *O'Donnell*, 466 F.3d at 1112-13. The

Ninth Circuit differentiated the EPA claims from the civil rights and employment discrimination claims because defendant's bankruptcy filing "created the situation which impeded O'Donnell from pursuing her EPA claims, and they cannot now claim to be prejudiced by the application of equitable tolling." *Id.* Therefore, by application of equitable tolling, the automatic stay effectively extended the limitations period so that any claims filed within that extended time period were timely. *Id.*

The trustee's claims against Yang are much more akin to the untimely claims in *O'Donnell* than the EPA claims subject to equitable tolling. Like the untimely claims in *O'Donnell*, the trustee neither alleged nor demonstrated the existence of any external force constituting extraordinary circumstances that prevented the trustee from timely filing his action against Yang. As in *O'Donnell*, the Garcia Complaint was ineffective to toll the limitations period because the trustee dismissed it.

Admittedly, this is not the typical situation where a plaintiff "sleeps on his rights." The trustee was aware of his cause of action and timely filed an action; he just filed it in the wrong case. But there was no "external force" constituting an extraordinary circumstance that "prevented" timely filing and warranted equitable tolling. *See Smith*, 953 F.3d at 600; *Waldron-Ramsey*, 556 F.3d at 1011. Rather, the untimely filing was the result of a mistake arising from counsel's batch filing of adversary cases on the day before the limitations period expired. This is the type of garden variety negligence the Supreme Court referenced in *Irwin*. Accordingly, the trustee

15

failed to allege extraordinary circumstances that would support equitable tolling.

The bankruptcy court also determined that the trustee had not acted diligently. The Ninth Circuit has specified that "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Smith*, 953 F.3d at 599. The court noted that the trustee waited roughly three months after the limitations period had run before properly filing the Interworks Complaint. This also was more than two months **after** the clerk of the court gave notice that the trustee had filed the Garcia Complaint in the wrong case. Both in opposition to Yang's motion and on appeal, the trustee has failed to provide any analysis of his diligence. Here, the trustee was well aware of the claims against Yang and the impending deadline. There was no impediment to filing; instead there was a misfiling of the complaint in the wrong bankruptcy. Equally important, there was never any impediment to the trustee refiling the complaint in the Interworks case. Indeed, that is what his counsel eventually did roughly three months later.[7]

---

[7] It is worth reiterating that the trustee never served the Garcia Complaint. Instead, he waited until October 2021—after the filing of the Interworks Complaint—to serve Yang. In fact, there is no dispute that Yang was unaware of the trustee's claims until well after the statute of limitations expired. The absence of earlier notice to Yang implicates all of the repose and staleness concerns underlying enforcement of

The trustee was required to show that "he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. The trustee has failed to do so here. Rather, he argues that he timely filed the Garcia Complaint in the wrong bankruptcy and no prejudice has resulted. Lack of prejudice is not a basis for equitable tolling. Rather, it is a factor to be considered once a proper basis has been identified to toll the limitations period. *Aris v. Haw. Dep't of Educ.*, 670 F. App'x 565, 566 (9th Cir. 2016); ("prejudice 'is not an independent basis for invoking tolling'; rather, it becomes relevant only after 'a factor that might justify such tolling is identified.'") (brackets omitted) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam)). The trustee did not allege, let alone establish, reasonable diligence to discover or address the impediment that his counsel created.[8]

---

limitations periods. *See Burnett*, 380 U.S. at 430; *Berry*, 372 F.2d at 214.

[8] Some of trustee's claims are based on state law. With respect to these claims, state statutes of limitation and equitable tolling doctrine presumably apply. *See Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) ("Because we borrow California's statute of limitations, we also apply California's tolling rules that are not inconsistent with federal law."); *Ambrose Branch Coal Co. v. Tankersley*, 106 B.R. 462, 466 (W.D. Va. 1989) ("In section 108(a), Congress . . . has chosen to follow Erie principles and require application of state limitations [and tolling] law to the extent it does not conflict with the two-year minimum extension of time required by section 108(a)(2)."); *see generally Rund v. Bank of Am. Corp. (In re EPD Inv. Co.)*, 523 B.R. 680, 685-88 (9th Cir. BAP 2015) (discussing interplay of state statutes of limitation, state statutes of repose, and equitable tolling doctrine in avoidance actions brought in bankruptcy court based on § 544 and state

In sum, the trustee's equitable tolling argument does not justify reversal of the court's dismissal order.

## B. The bankruptcy court did not abuse its discretion by denying the Civil Rule 59(e) motion.

The trustee sought to alter or amend the court's dismissal order under Civil Rule 59(e), incorporated by Rule 9023. He argued that the bankruptcy court misunderstood that the clerk had directed him to withdraw the Garcia Complaint when instead the clerk had directed his firm to dismiss the Garcia Adversary Proceeding. According to the trustee, the clerk's instructions were a legal impediment to the timely filing of his complaint and required equitable tolling of the limitations period to avoid manifest injustice.

Manifest injustice is a basis to alter or amend an order under Civil Rule 59(e). *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian*

---

law). Regardless, California equitable tolling law leads to the same result here. Under California law, a litigant cannot invoke equitable tolling based on the purported tolling effect of a prior lawsuit unless he or she shows: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Azer*, 306 F.3d at 936 (citations omitted); *see also Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1017–18 (C.D. Cal. 2011) (relying on same standards and holding, "[w]here plaintiffs pursue successive claims in the *same* forum, . . . equitable tolling does not apply." (emphasis in original)). These standards are sufficiently similar to the federal equitable tolling standards that on this record they lead to the exact same result. Here, the lack of notice to Yang of the Garcia Adversary Proceeding and trustee's unreasonable conduct in delaying the commencement of the Interworks Adversary Proceeding defeat his equitable tolling argument under California law in the same manner they defeated his equitable tolling argument under Federal law.

*Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). But it always bears mention that reconsideration under Civil Rule 59(e) is an extraordinary remedy that should be used sparingly. *Kona Enters., Inc*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). More importantly, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

In support of his motion, the trustee submitted the declaration of his counsel Todd Arnold. Arnold explained that he became involved in the case when the attorney handling the case, Kurt Ramlo, had health issues. Arnold stated that he discovered the filing error for the first time in early October 2021 when he sought to obtain a new summons in the Garcia Adversary Proceeding. Yet, the trustee also submitted Ramlo's declaration. Ramlo admitted that he received the electronic notice in the Garcia Adversary Proceeding dated July 20, 2021, that identified the misfiling.

Arnold further stated that the day after he realized the error, he filed the Interworks Complaint on October 5, 2021. According to Arnold, he also asked an assistant to contact the bankruptcy court that same day about the error notice in the Garcia Adversary Proceeding. According to Arnold, the court clerk later advised him, and his assistant reported, that the Garcia Complaint had to be dismissed because it was filed in the wrong bankruptcy case.

Yang opposed the motion. He argued that the trustee's newly

19

introduced facts established neither clear error nor manifest injustice, and further demonstrated the lack of diligence in timely filing the action. Both Yang and the bankruptcy court focused on the lack of notice given to Yang. The trustee did not serve Yang with any summons and complaint until October 7, 2021.

Procedurally, the trustee fails to address why his counsel did not present this evidence in support of his opposition to Yang's dismissal motion. The Civil Rule 59(e) motion raises the same issue that was the focus of the motion to dismiss. Moreover, the same information was clearly within his counsel's knowledge and control. In short, this was not new evidence. His belated attempt to introduce this evidence in support of his Civil Rule 59(e) motion supports the bankruptcy court's denial of his motion. *Kona Enters., Inc*, 229 F.3d at 890.

Substantively, the trustee also has not established an abuse of discretion. The bankruptcy clerk merely addressed an obvious error and advised that the wrongfully filed complaint be withdrawn. It was not for the clerk of court to know that the complaint was filed on the final day before the limitations period expired. Nor does Arnold ever state that the dismissal ever impeded the filing of the Interworks Complaint.

The trustee devotes considerable time to discussing the differences between a withdrawal of a complaint and the dismissal of an action. The difference is meaningless in this instance. The trustee's counsel erroneously filed the complaint in the wrong case. It fell upon him to address the

20

matter. The clerk only pointed out that the complaint did not belong in that bankruptcy case. The clerk's instructions did not constitute a court order as alluded to by the trustee. Rather, it was merely an administrative directive.

Administratively, the Garcia Complaint was erroneously filed. The July 20, 2021 notice—and the subsequent conversations with the clerk's office—made it clear that the error needed to be fixed. From the clerk's perspective, the impact of dismissal on the trustee's claims was irrelevant. The clerk merely needed a clean docket. The obligation to protect rights while addressing the error was solely the responsibility of the trustee, and he chose to dismiss the action. As noted by Yang, the trustee could have raised the matter with the court and sought relief, perhaps transferring the adversary to the proper bankruptcy case. The trustee never did so. Rather, more than two months after receiving the original notice of the erroneous filing the trustee voluntarily dismissed the erroneously, but timely, filed adversary proceeding. He bears the consequences of his actions.

Under these circumstances, the bankruptcy court did not "stand in his way" for purposes of equitably tolling the time to commence his action against Yang. *See generally Kwai Fun Wong*, 732 F.3d at 1052. Accordingly, on this record, the bankruptcy court did not abuse its discretion when it denied the Civil Rule 59(e) motion.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's orders granting Yang's Civil Rule 12(b)(6) dismissal motion and denying

21

the trustee's Civil Rule 59(e) motion.